**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| JACQUELINE O. RICHARDSON, | § | |
|     Movant | § | |
| | § | |
| V. | § | A-07-CA–1046 WWJ |
| | § | (A-01-CR-233 WWJ) |
| UNITED STATES OF AMERICA, | § | |
|     Respondent | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE WILLIAM WAYNE JUSTICE
         SENIOR UNITED STATES DISTRICT JUDGE

Before the Court are Jacqueline O. Richardson's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255; the Government's Response; and Movant's Letter which the Court will consider as her Reply. The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended.

**I. GENERAL BACKGROUND**

On November 20, 2001, Movant Jacqueline O. Richardson ("Richardson") and Troy Richardson were charged in a 24-count indictment with conspiracy to fraudulently obtain money from Medicare by using their medical equipment business to send false and fraudulent claims to Medicare for medical equipment and supplies, in violation of 18 U.S.C. §§ 371, 287, 1001, 1347, and 1035 (count one); health care fraud, in violation of 18 U.S.C. § 1347 and § 2 (count two); false and concealing statements concerning the submission of claims to Medicare, and making and using

false documents concerning false statements and entries in connection with the delivery of health care benefits, in violation of 18 U.S.C. § 1035 and § 2 (counts three - nineteen); conspiracy to launder monetary instruments involving the proceeds of specified unlawful activity, with intent to promote the specified unlawful activity, in violation of 18 U.S.C. § 1956(h) (count twenty); and specific money laundering activities, involving four checks, in violation of 18 U.S.C. §§ 1956(a)(A)(I) and § 2 (counts twenty one through twenty four).

On April 24, 2003, after entering a plea of not guilty, Richardson went to trial. Richardson was found guilty by a jury on all twenty-four counts. At sentencing, Richardson made objections regarding the four-level enhancement for more than fifty "victims" and the two-level enhancement for "vulnerable victims," which the district court overruled. On August 15, 2003, the District Court sentenced Richardson to concurrent terms of imprisonment of 60 months as to count one; 120 months as to count two; 60 months as to counts three through nineteen; and 120 months as to counts twenty through twenty-four. Richardson was also ordered to serve concurrent terms of supervised release of three years, and to pay restitution in the amount of $384,984.82, and a special assessment fee of $600.

On August 22, 2003, Richardson timely filed her notice of appeal. On appeal, Richardson argued that the guidelines had been incorrectly applied, particularly with respect to the enhancement for "vulnerable victims." On February 24, 2004, a petition was filed to revoke Richardson's bond, at which time, an arrest warrant was issued. Richardson was placed under arrest on February 27, 2004. After a bond revocation hearing took place on March 5, 2004, the court issued an order on March 11, 2004, ordering Richardson detained. Richardson filed a motion for reconsideration on July

23, 2004. However, her motion was denied by the court on July 29, 2004, after a motions hearing had been conducted.

On December 6, 2004, the Fifth Circuit Court of Appeals affirmed Richardson's conviction and sentence in *United States v. Richardson*, No. 03-51000, slip op. (5th Cir. December 6, 2004). Richardson filed a petition for certiorari on February 24, 2005. On April 26, 2005, the United States Supreme Court granted Richardson's petition for certiorari, vacated the Fifth Circuit prior judgment, and remanded the case for further consideration in light of *United States v. Booker*, 543 U.S. 220 (2005). The Fifth Circuit, after reconsideration, reinstated its previous judgment affirming Richardson's conviction and sentence. In rendering its decision to reinstate Richardson's conviction and sentence, the Fifth Circuit noted that following the Supreme Court's decision in *Booker*, the Fifth Circuit requested supplemental briefs from the parties regarding their position in light of *Booker*. Richardson's counsel filed a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that no non-frivolous argument could be raised because Richardson's *Booker* related issue was raised for the first time on direct appeal, and that the record in the case did not support a finding of plain error. The Fifth Circuit concurred with counsel's contention, following an independent review of the record. The Fifth Circuit granted counsel's motion to dismiss the appeal as frivolous. In *United States v. Richardson*, No. 03-51000, slip op. (September 28, 2006), the Fifth Circuit Court of Appeals reinstated its earlier judgment affirming Richardson's conviction and sentence.

On May 5, 2007, Richardson filed a motion to Appoint Appellate Counsel. On May 15, 2007, the district court issued an order appointing Ms. Karyl Krug as Richardson's counsel. On

December 26, 2007, Richardson (through counsel) filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

## II. STANDARD OF REVIEW

Under § 2255, there are generally four grounds upon which a defendant may move to vacate, set aside or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. The nature of a collateral challenge under Section 2255 is extremely limited: "A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude . . . and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If the error is not of constitutional or jurisdictional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice." *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994). Finally, it should be noted that a defendant may waive his statutory right to appeal his sentence including filing a § 2255 motion, if the waiver is knowing and voluntary. *United States v. McKinney*, 406 F.3d 744, 746 (2005).

## III. DISCUSSION

Movant argues that she was denied the effective assistance of counsel on appeal because: 1) her appellate counsel did not adequately brief the issue of whether there were 50 victims in the case; and 2) she received constitutionally ineffective assistance of counsel from her attorney at sentencing because he failed to adequately object to paragraph 36 of the presentence investigation report

4

containing a finding that there were 50 victims in her case. The Court reviews the latter argument first.

**A.     Failure to Object to Paragraph 36 of the PSR at Sentencing**

Movant argues that trial counsel was inadequate for failing to object to Paragraph 36 of the PSR stating that there were more than 50 victims of her crime and thus she improperly received a four-level enhancement pursuant to U.S.S.G. § 2B1.1(b)(2)(B).

In order to prevail on an ineffective assistance of counsel claim, a petitioner must show that her counsel's performance was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance is deficient if it falls below an objective standard of reasonableness. *Id.* A court's review of counsel's performance must be highly deferential, with a strong presumption that the performance was reasonable. *Id.* at 689; *Little v. Johnson*, 162 F.3d 855, 860 (1998), *cert. denied*, 526 U.S. 1118 (1999). A court will not find ineffective assistance of counsel merely because it disagrees with counsel's trial strategy. *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir.), *cert. denied*, 528 U.S. 947 (1999). Moreover, "[a] fair assessment of attorney performance requires every effort to be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689.

To demonstrate the prejudice prong, a petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane*, 178 F.3d at 312. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "However, the mere possibility of a different outcome is not sufficient to prevail on the prejudice prong. Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Crane*,

178 F.3d at 312-313 (quoting *Ransom v. Johnson*, 126 F.3d 716, 721 (5th Cir.), *cert. denied*, 522 U.S. 944 (1997)).

The evidence shows that trial counsel objected to the PSR's finding that Movant had victimized 50 or more individuals and argued that the Government was the sole victim. *See* Transcript of Sentencing Hearing at p. 4. Movant argues that her trial counsel was ineffective for failing to object to paragraph 36 of the Presentence Investigation Report. However, as Petitioner notes, counsel did object to the PSR's finding that Petitioner victimized 50 or more individuals – the objection was not based on the sufficiency of the evidence supporting the number of individual victims, but that the Government was the sole victim of the fraud. Thus Petitioner's only argument is that trial counsel was ineffective for failing to object to the manner in which the Government calculated the number of victims.

"The defendant bears the burden of showing that the information in the PSR relied on by the district court is materially untrue." *United States v. Valencia*, 44 F.3d 269, 274 (5th Cir. 1995). Absent rebuttal evidence, the district court is entitled to rely on the facts stated in the PSR. *United States v. De Jesus-Batres*, 410 F.3d 154, 164 (5th Cir. 2005). Thus, counsel would have had to have produced evidence at sentencing showing that there were not in fact 50 victims of Petitioner's crime. The evidence produced at trial was that the Inspector General's Office investigated Petitioner's company CPHHC and interviewed 29 out of the company's 125 Medicare customers. *See* PSR at ¶ 19. Of those 29, fraud was uncovered for at least 25 of the customers interviewed, amounting to a Medicare over payment in excess of $200,000.00. The billing records of all 125 Medicare beneficiaries of CPHHC reflect that Petitioner billed Medicare for 35 alternating pressure mattresses, 27 lymphedema pumps, 21 patient lifts, and 11 trapeze bards, the majority of which were not

supplied. *See* PSR at ¶ 20.  Another company set up by petitioner, JOR Health Management billed Medicare for 63 beneficiaries. Of these seven were interviewed and fraud was uncovered in five of the seven cases.  *See* PSR at ¶ 22.

The Supreme Court has stated that there is a "strong presumption" that counsel's conduct falls within "the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689.  In this case, counsel's choice to object to the number of victims based upon the characterization of "victim" was sound trial strategy, especially in light of the large number of victims and likelihood of more victims being identified upon further investigation.  Petitioner has not overcome this presumption.  Moreover, Petitioner has failed to establish prejudice. Petitioner has failed to demonstrate that there existed evidence trial counsel could have offered at the time of sentencing showing that there were fewer than 50 victims of her Medicare fraud.[1]  The evidence offered points to the probability that with further investigation, the majority of Petitioner's 125 clients had been defrauded and qualify as victims. Thus her argument also fails under the prejudice prong of *Strickland*.

**B.**     **<u>Failure to Adequately Brief the Issue of Whether there Were 50 Victims on Appeal</u>**

Movant argues that her attorney was ineffective on appeal for failing to argue that the sentencing Court incorrectly relied on the PSR and found that her sentence should be enhanced for victimizing more than 50 individuals. *See* Motion at pp. 3-5.  Movant argues that the record is

---

[1] The Court notes that Petitioner has improperly filed documents with the Court claiming she has turned over evidence to counsel that current counsel has failed to utilize. Petitioner in no way describes this evidence in detail or how it would prove her current motion.  Her vague assertions that she sent counsel her only copy of this supposedly key evidence strains credulity and the Court finds these claims are of no moment and need not be considered in reviewing her current Motion.

insufficient for the sentencing Court to have determined that there were 50 or more victims, and that counsel was ineffective for inadequately briefing this on appeal.

"The Constitution does not require appellate counsel to raise every nonfrivolous ground that might be pressed on appeal." *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989); *see also Jones v. Barnes*, 463 U.S. 745, 751-53 (1983). In order to prove ineffective assistance of appellate counsel, a petitioner must show that the decision not to raise an issue on appeal fell below an objective standard of reasonableness. *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000). Thus, a petitioner must demonstrate appellate counsel was deficient, and the deficiency prejudiced his case. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prove prejudice, a petitioner "must show a reasonable probability that, but for counsel's unreasonable failure . . . he would have prevailed on his appeal." *Smith v. Robbins*, 528 U.S. 259, 285 (2000). Appellate counsel's failure to raise certain issues on appeal does not deprive a petitioner of effective assistance of counsel if the petitioner cannot show the existence of any trial errors with even arguable merit. *Hooks v. Roberts*, 480 F.2d 1196, 1198 (5th Cir. 1973). No authority suggests "the indigent defendant has a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." *Jones v. Barnes*, 463 U.S. 745, 751 (1983).

In this case, Petitioner argues that appellate counsel was ineffective for failing to adequately brief the argument that the trial court incorrectly relied on the PSR finding that there were more than 50 victims of her crimes in enhancing her sentence. The Fifth Circuit reviews a district court's application of the Guidelines de novo and its factual findings for clear error. *United States v. Trujillo*, 502 F.3d 353, 356 (5th Cir.2007). "If the district court's account of the evidence is plausible in light

of the record when viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *United States v. Angeles-Mendoza*, 407 F.3d 742, 750 (5th Cir. 2005) (internal quotation marks omitted). To have prevailed on appeal, appellate counsel would have had to show that the sentencing court's reliance on the PSR finding of 50 victims was clearly erroneous. *See United States v. Green*, 324 F.3d 375, 381 (5th Cir. 2003). Based upon the evidence that a very high percentage of her 125 customers suffered some form of Medicare fraud and, the fact that Petitioner did not offer any evidence at trial or now to rebut the 50-victim finding, the Court finds that it is unlikely that an appellate argument regarding the number of victims would have prevailed at the Fifth Circuit, even if that argument was briefed in great detail. The district court's factual determination was not implausible in light of the record as a whole, and thus Petitioner could not have shown that the district court clearly erred by applying the enhancement. *See United States v. Caldwell*, 448 F.3d 287, 290 (5th Cir. 2006). Because Petitioner could not have shown clear error, Petitioner's counsel's performance was not deficient for failing to brief this argument in detail. Additionally, because this argument has no merit, and Petitioner has failed at any point to rebut the findings in the PSR, she cannot show prejudice. Petitioner's claim of ineffective assistance of appellate counsel fails.

### IV. RECOMMENDATION

The Magistrate Court **RECOMMENDS** that Movant Jacqueline O. Richardson's Motion to Vacate, Set Aside, or Correct his Sentence, pursuant to 28 U.S.C. § 2255 be DENIED.

### V. WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made.

The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S.Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 29th day of September, 2008.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE